## THE OSCAR TOWNSEND.

*(District Court, N. D. Ohio.* 1883.)

1. COLLISION—ANCHORING VESSEL IN RIVER—PRECAUTIONS.
Although anchoring in a river in the night-time or day is not necessarily improper or dangerous, and although it may be customary to do so during stress of weather, yet, when so doing in the night, great care must be used to make ample room and space in the channel for passing vessels, and to so locate the anchorage as to avoid possible danger.

2. SAME——EVIDENCE OF FAULT.

  In the absence of a proper watch and proper lights on board the anchored vessel, in this case, she must be held in fault and negligent.

In Admiralty.

*William H: Condon* and *E. A. Angell,* for libelant.

*Goulder & Weh* and *Willey, Sherman & Hoyt,* for respondents and cross-libelants.

WELKER, J. The steam-barge Oscar Townsend, with the barge Edward Kelley in tow, came down the St. Clair river at 2 o'clock on the morning of October 19, 1881, and ran the Kelley into the schooner Sunrise, which was lying at anchor in the river near Sarnia Bay, and was the cause of great damage· to the schooner, for which this libel suit is filed. The barge Kelley claims to be somewhat damaged, for which a cross-libel is filed by her owners against the Sunrise. The libelant alleges that the Sunrise was anchored at a suitable and proper place, and that its officers were guilty of no fault or carelessness, and that the collision occurred through the fault and carelessness of the Townsend and Kelley. This is denied by the answer, and it is alleged in the answer that the collision was occasioned by the fault of the Sunrise.

The court finds that the Sunrise was in the night-time anchored in the St. Clair river, and within the channel or roadstead usually taken at that point by vessels coming down the river at night; that, although anchoring in the river in the night-time or day-time is not necessarily improper or dangerous, and although it may be customary to do so during stress of weather, yet, when so doing in the night, great care must be used to make ample room and space in the channel for passing vessels, and to so locate the anchorage as to avoid possible danger; that the Sunrise was anchored at a dangerous place in the river, at a point where there was a strong current, and where her lights might have easily been confounded with those on the Canada shore beyond her by persons on vessels coming down the river, and difficult to distinguish from them; that the Sunrise did not have at the time a suitable and proper anchor watch to guard her from danger from passing vessels coming down the river; that she did not put up and keep up in good order to the time of collision suitable and proper anchor lights, to notify passing vessels of her locality, so as to avoid collision with her; that she did not comply with rule 10, Rev. St. § 4233, which requires that all vessels, when at anchor in roadsteads or fair-ways, shall exhibit, where it can best be seen, a white light, so constructed as to show a clear, uniform, and unbroken light, visible all around the horizon; that she did not display, as it was her duty, a torch-light, when the lights of the Townsend and Kelley were first made, as they approached her, to enable them to see her and avoid a collision; that immediately before the collision she failed to change her position, as she might have done by putting her wheel to starboard instead of to port, and thereby cause her to

swing out of the way of the Townsend and Kelley,—in all of which respects the Sunrise was at fault and negligent; that the Townsend, in coming down the river, occupied the usual channel or roadstead at the point where the Sunrise was anchored and located; that it had proper lights and a proper watch at the proper places; that the lights of the Sunrise, being so dim at the time, were not seen by the Townsend far enough away to have avoided the collision, although proper diligence was used for that purpose; that when the lights were seen, being close upon the Sunrise, the master of the Townsend used proper seamanship in trying to avoid the collision; and that, therefore, the Townsend was not guilty of negligence or carelessness in causing the injury; that the Kelley, being the tow, was guilty of no negligence, and therefore not liable for the injury to the Sunrise.

The claim of the Kelley in the cross-libel not being pressed by counsel, the cross-libel is dismissed. Decree dismissing libel at libelant's costs. Appeal allowed.